IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| STARNES FAMILY OFFICE, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 10-2186 |
| ) | |
| MEREDITH McCULLAR, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| and ) | |
| ) | |
| MEREDITH McCULLAR, ) | |
| ) | |
| Third-Party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| MICHAEL S. STARNES, ) | |
| ) | |
| Third-Party Defendant. ) | |

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS**

---

Before the Court is Plaintiff Starnes Family Office, LLC's ("SFO") September 9, 2011 Motion for Assessment of Attorney's Fees and Costs to be Included in Final Judgment. (See Motion, ECF No. 66.) (the "Motion.") Defendant and Third-Party Plaintiff Meredith McCullar ("McCullar") responded on October 6, 2011. (See ECF No. 68.) For the following reasons, SFO's Motion is GRANTED.

1

On September 1, 2011, the Court granted SFO and Starnes' Motion for Judgment on the Pleadings and awarded SFO $1,723,319.04, plus daily interest of $411.02 on the underlying principal amounts of the two Promissory Notes (collectively, the "Promissory Notes") that were the subject of this dispute. (See Order 26, ECF No. 65) (the "Order") On September 9, 2011 SFO moved under Rule 54(d)(2) for attorney's fees and costs incurred in its collection efforts against McCullar. (Motion 2.) SFO also asks the Court to enter final judgment against McCullar for the full amount of the principal and interest and attorney's fees and costs. (Motion 2-3.)

I. **Background**

The Court discussed the factual background of this case in its September 1 Order. (Order 4-6.) The sole bases on which Defendants seek attorney's fees and costs are identical provisions in the Promissory Notes, stating in full:

> **ATTORNEYS' FEES; EXPENSES.** Lender may hire or pay someone else to help collect this Note if Borrower does not pay. Borrower will pay Lender that amount. This includes, subject to any limits under applicable law, Lender's attorneys' fees and Lender's legal expenses, whether or not there is a lawsuit, including attorneys' fees, expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), and appeals. If not prohibited by applicable law, Borrower will also pay any court cost, in addition to all other sums provided by law.

(See Promissory Note 3, ECF No. 1-1.) SFO has offered the affidavit of its counsel of record, John. J. Heflin, to

establish the fees and expenses it incurred to collect on the Promissory Notes. (See John J. Heflin Aff., ECF No. 66-2) ("Heflin Aff.") Heflin states that his firm billed on an hourly basis and that his hourly rate was $320.00 an hour, his partner's was $250.00 an hour, and the paralegal's was $75.00 an hour. (Id. 1-2.) The hourly rates Heflin describes are consistent with or below those customarily charged in the community for similar services. (Id. at 2.) During the litigation, Heflin's firm charged $47,884.23 in fees and expenses. (Id.) He states that he has personally reviewed the firm's time and expense records relating to the litigation. (Id.)

**II. Analysis**

Under Tennessee law, which is applicable in this case, contracts permitting the prevailing party to recover attorney's fees are enforceable, but strictly construed. See Clark v. Rhea, No. M2002-02717-COA-R3-CV, 2004 Tenn. App. LEXIS 21, at *2 (Tenn. Ct. App. Jan. 13, 2004) ("When a contract provision provides for the recovery of attorney's fees from the unsuccessful party in the event litigation arises, the prevailing party is entitled to enforcement of the contract according to its express terms.") (citations omitted); cf. Cracker Barrel Old Country Store, Inc. v. Epperson, 284 S.W.3d 303, 310-11 (Tenn. 2009) ("[I]f the parties intend to create

contractually a right to recover attorney fees, the contractual language must specifically and expressly articulate this intent and not merely provide for recovery of 'costs and expenses.'"). Parties contracting for the prevailing party to recover attorney's fees in the event of litigation "are entitled to have their contract enforced according to its express terms." Wilson Mgmt. Co. v. Star Distribs. Co., 745 S.W.2d 870, 873 (Tenn. 1988). If not covered by the express terms of the contract, attorney's fees are generally not recoverable. See State v. Brown & Williamson Tobacco Corp., 18 S.W.3d 186, 194 (Tenn. 2000).

Here, the Promissory Notes provide for "attorneys' fees and Lender's legal expenses, whether or not there is a lawsuit, including attorneys' fees . . . If not prohibited by applicable law, Borrower will also pay any court cost, in addition to all other sums provided by law." (See Promissory Note 3.) The provision is unambiguous. It allows attorney's fees incurred in the collection of the amount owed on the Promissory Notes, even if there is no litigation. Because the Court must enforce the agreement according to its express terms, the Court should grant attorney's fees and expenses incurred in the collection of the Promissory Notes. See Wilson Mgmt. Co., 745 S.W.2d at 873.

McCullar does not contest SFO's right to recover attorney's fees under the Promissory Notes or the amount sought. (See

4

Response 1) ("McCullar acknowledges that the promissory notes at issue allow for an award of attorney fees.") Instead, McCullar claims that he is financially unable to satisfy an award of attorney's fees and asks the Court to stay its decision until a related case, Meredith McCullar v. Michael Starnes, No. 2:11-cv-02262, is concluded.

Courts do not rewrite contracts. See Cameron Gen. Constr., Inc. v. Kingston Pike, LLC, No. E2010-02291-COA-R3-CV, 2011 Tenn. App. LEXIS 683, at *11 (Tenn. Ct. App. Dec. 21, 2011). McCullar agreed to a provision that expressly entitled SFO to attorney's fees incurred in collecting the Promissory Notes. When a contractual provision is unambiguous, the courts must interpret and enforce it as it was drafted by the parties. See id. at *12. To conclude otherwise would undercut the parties' express intentions and run counter to Tennessee law. See id. at *11-12; see also Towe Iron Works, Inc. v. Towe, 243 S.W.3d 562, 569 (Tenn. Ct. App. 2007) ("[I]t is an often-cited principle in this jurisdiction that . . . courts will not create or rewrite a contract simply because its terms are harsh or because one of the parties was unwise in agreeing to them.").

As the prevailing party, SFO bears "[t]he burden of proof as to what constitutes a reasonable attorney's fee." Taylor v. T&N Office Equip., Inc., No. 01A01-9609-CV-00411, 1997 Tenn App. LEXIS 352, at *4 (Tenn. Ct. App. May 23, 1997) (citing Wilson

5

Mgmt. Co., 745 S.W.2d at 873)). Courts need not automatically accept the amount billed by attorneys as reasonable. See Kahn v. Penczner, No. W2006-02527-COA-R3-CV, 2008 Tenn. App. LEXIS 419, at *10 (Tenn. Ct. App. July 24, 2008) (affirming the trial court's grant of $45,000 in attorney's fees instead of $148,000 claimed by defendants' attorneys where plaintiff's attorneys asserted that much of the claimed work was "unnecessary and irrelevant"). However, a trial court may establish fees "in causes pending or which have been determined by the court . . . with or without a prima facie showing by plaintiffs of what a reasonable fee would be." Kline ex rel. Kline v. Eyrich, 69 S.W.3d 197, 210 (Tenn. 2002); see also Wilson Mgmt. Co., 745 S.W.2d at 873.

Proof of a reasonable fee need not be extensive, but it must be sufficient for the court to determine whether the fee requested is reasonable given the factors courts must consider. See id.; Monroe v. Zierden, No. W2007-01818-COA-R3-CV, 2008 Tenn. App. LEXIS 529, at *2 (Tenn. Ct. App. Sept. 17, 2008); Taylor, 1997 Tenn App. LEXIS 352, at *4 (citation omitted). In determining whether a requested fee is reasonable, courts consider the following factors:

1. The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.

2. The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.

3. The fee customarily charged in the locality for similar legal services.

4. The amount involved and the results obtained.

5. The time limitations imposed by the client or by the circumstances.

6. The nature and length of the professional relationship with the client.

7. The experience, reputation, and ability of the lawyer or lawyers performing the services.

8. Whether the fee is fixed or contingent.

<u>Wright ex rel. Wright v. Wright</u>, 337 S.W.3d 166, 177 (Tenn. 2011); <u>see also</u> <u>Connors v. Connors</u>, 594 S.W.2d 672, 676 (Tenn. 1980) (citation omitted).

The determination of reasonableness is a "subjective judgment based on evidence and the experience of the trier of fact." <u>Wright</u>, 337 S.W.3d at 180-81; <u>see also</u> <u>United Med. Corp. of Tenn., Inc. v. Hohenwald Bank & Trust Co.</u>, 703 S.W.2d 133, 137 (Tenn. 1986). There is no "fixed mathematical rule" for calculating reasonable fees because the circumstances of each individual case will be determinative. <u>Killingsworth v. Ted Russell Ford, Inc.</u>, 104 S.W.3d 530, 534 (Tenn. Ct. App. 2002); <u>see also</u> <u>White v. McBride</u>, 937 S.W.2d 796, 800 (Tenn. 1996). Ultimately, the reasonableness of attorney's fees will turn on

the particular circumstances of each individual case. Wright, 337 S.W.3d at 185-86.

SFO discusses the work required in the litigation and the basis for the total amount sought for all work. (See Heflin Aff. 2-3.) SFO does not explicitly discuss the reasonableness of its requested fees, but it references at least three of the Wright factors. First, SFO establishes the amount of fees and expenses incurred in the successful suit on the Promissory Notes. (See Heflin Aff. 1-2.) Second, SFO's attorney discusses his experience as a thirty-year member of the Tennessee bar, and his review of his firm's billing based on his knowledge and experience. Third, SFO explains that the rates charged by its attorneys are consistent with or below those customarily charged in the community.

The factors in Wright are founded on the principle that a "fee is clearly excessive when . . . a lawyer of ordinary prudence would be left with a definite and firm conviction that the fee is in excess of a reasonable fee." See White, 937 S.W.2d at 800. Given that standard, SFO's request for attorney's fees is reasonable. The fee sought is modest compared to SFO's damages. SFO has requested less than three percent of the total amount owed on the Promissory Notes. SFO benefitted from an attorney who had many years of experience and successfully managed a contentious lawsuit between two former

business partners. SFO need not address all of the Wright factors; a comprehensive review of each factor is not required. See Naylor Med. Sales & Rentals, Inc. v. Invacare Continuing Care, Inc., No. 2:09-CV-2344-STA, 2011 U.S. Dist. LEXIS 112248, at *5 (W.D. Tenn. Sept. 29, 2011) ("Though the acknowledgment of the factors in Rule 1.5 is important, the reasonableness of the fee must depend upon the particular circumstances of the individual case."); see also Wright, 337 S.W.3d at 181 n.21 ("[S]ome factors will, perhaps, not be relevant in all cases."). SFO's affidavit and the circumstances of this case establish that SFO's request is reasonable.

SFO's attorney did not submit time records with his affidavit. Tennessee law provides that an "attorney's time and labor will always be relevant" in determining a reasonable fee, but a lawyer's time records are not determinative. See id. Courts are not required to "compute the effective hourly rate in every case." Id. at 181 n.22. Instead, the Tennessee Supreme Court has concluded that time records "help[] the trial court analyze several factors relevant to the determination of a reasonable fee." Id. at 181.

Here, the reasonableness of SFO's request can be analyzed without time records. SFO's attorneys have charged rates at or below those prevailing in this district. The requested fee is modest compared to the size of the award and the experience of

the lawyers. The expenses SFO incurred are undisputed. After evaluating the unique circumstances of this case, SFO's request for $47,884.23 is reasonable.

**III. Conclusion**

For the above reasons, SFO's Motion for attorney's fees and expenses is GRANTED.

So ordered this 21st day of February, 2012.

                                            s/ Samuel H. Mays, Jr.
                                            SAMUEL H. MAYS, JR.
                                            UNITED STATES DISTRICT JUDGE